THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:21-CR-194 |
| | : (JUDGE MARIANI) |
| CHRISTOPHER B. TOLLEY, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

On September 29, 2021, Defendant Christopher Tolley pleaded guilty, pursuant to a signed plea agreement, to an Information charging him with one count of making a False Statement, in violation of 18 U.S.C. § 1001. (See Docs. 1, 3, 6). On April 7, 2022, this Court sentenced Tolley to a 5-year term of probation and ordered restitution to be paid in the amount of $6,740.31. (Doc. 18).

Presently before the Court is Defendant Christopher Tolley's letter-motion, filed of record on October 16, 2024, requesting early termination of his probation (Doc. 20). The parties have fully briefed the motion (Docs. 20, 23) and the motion is ripe for disposition. For the reasons that follow, Defendant's motion will be denied.

### II. ANALYSIS

Pursuant to 18 U.S.C. § 3564,

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term

> of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c). The Third Circuit Court of Appeals has not addressed the proper application of § 3564(c) in determining whether a request for early termination of probation should be granted, however, district courts within the Third Circuit routinely apply the guidance applied by the Third Circuit when addressing motions for early termination of supervised release pursuant to § 3583(e). *See e.g., United States v. Singleton*, 2024 WL 1214237, at *1 (W.D. Pa. 2024); *United States v. Frankel*, 2022 WL 17852029, at *1 (W.D. Pa. 2022); *United States v. Edwards*, 2022 WL 1028041, at *1 (E.D. Pa. 2022); *United States v. Paterno*, 2002 WL 1065682, at *2 (D.N.J. 2002)).[1]

---

[1] Although this Court agrees that the Third Circuit's standards set forth when addressing motions for early termination of supervised release pursuant to § 3583 provide significant guidance, a difference in the statutory language between § 3564(c) and § 3583(e) arguably requires Courts reviewing a motion for early termination of probation to consider a factor specifically omitted from the consideration of a motion for early termination of supervised release. Specifically, pursuant to § 3583(e), a court may modify or terminate a term of supervised release "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Section 3583(e) clearly omits from the Court's consideration the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" as set forth in 18 U.S.C. § 3553(a)(2)(A). The Third Circuit has explained that this is because "the primary purpose of supervised release is to facilitate the reentry of offenders into their communities, rather than to inflict punishment." *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012). In contrast, § 3564(c) does not exclude consideration of § 3553(a)(2)(A) and instead contains a more general direction that a court must "consider[] the factors set forth in section 3553(a) to the extent that they are applicable" when determining whether the modify or terminate a term of probation. Nonetheless, because this Court finds that, upon consideration of the relevant § 3553 factors, Defendant Tolley's probation should not be terminated at this time, regardless of whether the Court considers § 3353(a)(2)(A), it is not necessary to further address this issue.

When determining whether to grant a motion for early termination of supervised release, the Third Circuit Court of Appeals has instructed Courts to consider the following factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (quoting *United States v. Davies*, 746 F.App'x 86, 88-89 (3d Cir. 2018)). When weighing the relevant § 3553(a) factors and considering a defendant's motion for early termination of supervised release, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Melvin*, 978 F.3d at 53.

Here, Tolley has served more than one year of his term of probation and is therefore statutorily eligible to apply for early termination of his probation, 18 U.S.C. § 3564(c). However, at this time, the Court is not satisfied that the early termination of probation is warranted by Tolley's conduct and the interests of justice.

Tolley asserts that he is requesting early termination of his term of probation "mostly so I don't have to ask to go to [doctors'] appointments etc." (Doc. 20). As detailed by the

3

Government, "over the course of his supervision thus far [two-and-a-half years], Defendant has asked to go to doctor's appointments on 7 occasions" and each request was granted. (Doc. 23, at 5-6). The Court agrees with the Government that this does not present an onerous burden on Tolley (Doc. 23, at 6) and finds that Tolley faces only a minimal inconvenience in having to text or email his probation officer to request permission to attend a doctor's appointment, particularly where these appointments are not frequent in nature.

In addition, recognizing that Tolley has fully complied with the terms of his probation, Defendant has simply done what is required of him while on probation. Mere compliance with the terms of his probation does not entitle Tolley to early termination of his five-year term of probation. *See e.g.*, *United States v. Laine*, 404 F.App'x 571, 573-574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional") *abrogated by United States v. Melvin*, 978 F.3d 49 (3d Cir. 2020); *United States v. Welling*, 2021 WL 409834, *4 (W.D. Pa. 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release.") (citing *United States v. Banks*, 2015 WL 926534, at *4 (W.D. Pa. 2015)) (emphasis in original).

The Court is also troubled by Tolley's attempt to minimize the severity of the crime for which he was convicted. Having only served half of his five-year term of probation, Tolley summarily states that he has "paid my dues in my opinion." (Doc. 20). However, the offense conduct in this case details that Tolley opened various bank accounts between early

4

June 2017 and March 2019, and deposited multiple checks and Automated Clearing House deposits into his various bank accounts from at least 9 payors who reported that the funds were taken fraudulently. (PSR, Doc. 11, ¶¶ 6, 7). Although the Court acknowledges that Tolley played a minor role in the larger conspiracy to fraudulently deposit and wire forged checks, Tolley nonetheless engaged in criminal conduct which resulted in the loss of funds to multiple institutions and was facing a guideline imprisonment range of 6 to 12 months. Defendant's disregard for the severity of his actions, and belief that he has already "paid [his] dues" despite his limited time on probation, make clear to this Court that he is best served by further supervision and guidance in his rehabilitation.

Furthermore, the nature and circumstances of the offense and Tolley's history and characteristics weigh against granting Tolley's request for early termination of his probation. As explained in the PSR, "Tolley did not understand the structure of the conspiracy, nor did he organize or plan the offense or have decision-making authority." (Doc. 11, ¶ 16). Tolley's participation in the conspiracy, and his purported limited knowledge of the larger conspiracy and the role that he played in facilitating the fraud, support a finding that continued probation is beneficial in aiding him in avoiding, accidentally or otherwise, engaging in further criminal conduct and thus in protecting the public from further crimes by the defendant. Probation further provides Tolley with the necessary supervision to aid him in his rehabilitation and successful remaining a law-abiding citizen.

For these reasons, and upon consideration of each of the relevant statutory factors, the specific facts and circumstances of this case, and the arguments presented in the parties' letters and briefs, the Court finds that early termination of probation is not warranted by Tolley's conduct and the interests of justice. Consideration of the relevant § 3553 factors weigh in favor of requiring Defendant to continue serving his term of probation. Defendant's motion will therefore be denied without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendant Christopher Tolley's letter-motion requesting early termination of his probation (Doc. 20) will be denied without prejudice. A separate order follows.

Robert D. Mariani
United States District Judge